THE HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER WALKER, an individual,

Plaintiff,

v.

DANIEL L. BARNETT and SHERRI MILLER BARNETT, and the marital community comprised thereof; AVIARA CAPITAL PARTNERS, LLC, a California limited liability company, HEALTH PROFESSIONALS ALLIANCE, a Delaware Corporation; BE HOLDINGS, LLC, an Oregon limited liability company; BE CAPITAL PARTNERS LLC, an Oregon limited liability company,

Defendants.

No.: 2:23-cv-00163-KKE

DEFENDANT HEALTH PROFESSIONALS ALLIANCE'S MOTION FOR JUDGMENT ON THE PLEADINGS

NOTE ON THE MOTION CALENDAR: December 22, 2023

ORAL ARGUMENT REQUESTED

## I. MOTION

Pursuant to FRCP 12(c), Defendant Health Professionals Alliance Inc. ("HPA") moves for judgment on the pleadings with prejudice because there is no issue of material fact in dispute and Plaintiff's claims are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

DEFENDANT HEALTH PROFESSIONALS ALLIANCE'S MOTION FOR JUDGMENT ON THE PLEADINGS
NO.: 2:23-CV-00163

PAGE 1

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

## II. PROCEDURAL HISTORY

On January 3, 2023, Plaintiff filed his Complaint in this case in King County (Washington) Superior Court. *See* Dkt. No. 1-1.

On February 2, 2023, Defendants Daniel Barnett ("Barnett"), Sherri Miller Barnett, BE Holdings, LLC, BE Capital Partners, LLC, and Aviara Capital Partners, LLC removed the case to this Court. *See*, Dkt. No. 1.

On February 28, 2023, HPA filed its Answer and Affirmative Defenses to the Complaint in which it denies any liability to Walker. *See*, Dkt. No. 18.

## III. PERTINENT ALLEGATIONS IN THE COMPLAINT

### A. The Promissory Note from Barnett to Walker.

Walker alleges that on or about September 23, 2011, he and Barnett signed a $150,000 promissory note ("the First Note") and a Security Agreement in which Barnett pledges his interest in Aviara to Walker. *See* Dkt. No. 1-1 at ¶ 13. The First Note and the Security Agreement are exhibits to the Complaint. *See* Dkt. No. 1-1. The First Note and the Security Agreement are agreements between Walker, individually, and Barnett, individually, and no other persons or entities. *Id.* Pertinent to this Motion, HPA is not mentioned in either agreement. *Id.* HPA is not an obligor on the First Note, nor are any shares of, or other interest in, HPA pledged as collateral in the Security Agreement. *Id.*

The Complaint alleges that payments under the First Note were to begin in February 2012, with the entire balance due by September 23, 2018. Dkt. No. 1-1 at ¶ 14 and Exhibit 1. The First Note charges a default interest rate of 24% per annum (s*ee* Dkt. No. 1-1), a contravention of Wash. Rev. Code Ann. § 31.04.035(1) and RCW 19.52.020.

### B. Barnett's alleged breach.

Walker alleges that Barnett breached the terms of the First Note on February 1, 2013, which caused the entire balance to be accelerated and due that date with the unpaid principal accruing interest thereafter at the default rate of 24% per annum. Dkt. No. 1-1 at ¶ 16. Walker

DEFENDANT HEALTH PROFESSIONALS ALLIANCE'S MOTION FOR JUDGMENT ON THE PLEADINGS
NO.: 2:23-CV-00163

PAGE 2

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

alleges that Barnett now owes $1,406,427 on the First Note. *Id.* at 34.

**C.  Walker admits Barnett paid no less than $109,875 toward the First Note.**

Walker acknowledges that Barnett made interest only payments on the First Note for one year. Dkt. No. 1-1 at ¶¶ 14 and 15. At the 12% per annum non-default interest rate, Barnett would have paid $18,000 ($1,500/mo x 12 months). Walker also acknowledges that Barnett made additional payments totaling $91,875. *Id.* at ¶ 22. In total, Walker admits that Barnett made payments totaling at least $109,875. *Id.* at ¶¶ 14, 15, and 22.

**D.  Allegations about HPA.**

Walker alleges that HPA made the following gratuitous promises to Walker. First, Walker alleges that Barnet and HPA "represented to Walker that they would set up an entity (which they referred to as 20%Plus) to raise $1,000,000 **collateralized by HPA shares held by BE Holdings.**" *See* Dkt. No. 1-1 at ¶ 25 (emphasis added). Walker goes on to allege that "Barnett and Rose (on behalf of HPA) agreed that 20%Plus (and by extension Barnett) would receive 40% of all monies raised, which monies would then be paid to Walker to pay down, if not pay off, the outstanding balance on the First Note." *Id.*

**E.  HPA's alleged breach of its alleged gratuitous promise to Walker.**

Walker alleges that, "Barnett and HPA successfully raised money through 20%Plus, but did not pay all of those monies to Barnett in breach of their agreement to do so." *See* Dkt. No. 1-1 at ¶ 25. Walker further alleges that "HPA aided Barnett in his efforts to avoid paying Walker. Rather than pay Walker 40% of the proceeds raised through 20%Plus' sales efforts, as promised, * * * HPA paid BE Holdings (and notably not Barnett directly, which could then be attached by Walker if Barnett would not pay it to Walker as promised by Barnett and HPA)." *Id.* at ¶ 26.

**F.  Walker's claims against HPA.**

Walker asserts two causes of action against HPA:

  (a) Tortious Interference with a Contract (Second Cause of Action); and

DEFENDANT HEALTH PROFESSIONALS ALLIANCE'S MOTION
FOR JUDGMENT ON THE PLEADINGS
NO.: 2:23-CV-00163

PAGE 3

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

      (b) Conversion (Third Cause of Action).

Walker's Second Cause of Action alleges that HPA knew about the First Note and caused Barnett to breach the terms of that agreement when HPA allegedly paid BE Holdings directly rather than Walker.

Walker's Third Cause of Action is against all Defendants. As to HPA, Walker repeats the allegations contained in his first claim, and asserts that HPA aided and abetted in the conversion of funds from the sale of HPA stock when it paid the lawful owner of the stock, and not Walker.

## IV. ARGUMENT

Plaintiff seeks to hold HPA liable on an alleged 2011 promissory note between Mr. Barnett, as the maker, and Mr. Walker, as the holder ("the Note"). HPA is not a maker, guarantor, other obligor, or third-party beneficiary of the Note.

Walker alleges that HPA tortiously interfered with Walker's ability to collect on the Note. Walker alleges that HPA agreed to set up a separate entity, 20% Plus, which would raise $1,000,000 "collateralized by HPA shares held by **BE Holdings**," for the purpose of paying Walker, but HPA wrongfully paid **BE Holdings** instead of Walker. *See*, Complaint at ¶¶ 25, 26, and 38 (emphasis added). Even if Walker's allegations were true (they are not) HPA cannot, as a matter of law, be liable to Walker for paying BE Holdings in connection with BE Holdings' shares in HPA.

Further, Walker's claims assert an unlawful usurious interest rate (24% per annum). Walker admits that Mr. Barnett paid at least $109,875 on the First Note. And, under Washington's usury statutes Walker is limited to the recovery of the principal amount of $150,000 minus "twice the amount of the interest paid, and less the amount of all accrued and unpaid interest," and Mr. Barnett is "entitled to costs and reasonable attorneys' fees plus the amount by which the amount [Mr. Barnett] paid under the contract exceeds the amount to which [Walker] is entitled." *See* RCW 19.52.030. Walker's claim for more than a million

DEFENDANT HEALTH PROFESSIONALS ALLIANCE'S MOTION FOR JUDGMENT ON THE PLEADINGS
NO.: 2:23-CV-00163

PAGE 4

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

dollars in interest at a rate considered usurious is nothing short of frivolous.

**A.    Judgment on the Pleading Standard.**

On motion for judgment on the pleadings under FRCP 12(c), the court must "accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Turner v. Cook,* 362 F.3d 1219, 1225 (9th Cir.2004). Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *Heliotrope*, 189 F.3d at 979." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

**B.    Walker does not allege an enforceable agreement with HPA.**

"The party asserting the existence of a contract bears the burden of proving each essential element of the contract. The essential elements of a contract are (1) the subject matter, (2) the parties, (3) the promise, (4) the terms and conditions, and (5) consideration." *Trotzer v. Vig,* 149 Wash. App. 594, 605, 203 P.3d 1056, 1061 (2009). "Every contract must be supported by a consideration to be enforceable. Consideration is any act, forbearance, creation, modification or destruction of a legal relationship, or return promise given in exchange. Before an act or promise can constitute consideration, it must be bargained for and given in exchange for the promise." *King v. Riveland*, 125 Wash. 2d 500, 505, 886 P.2d 160, 164 (1994) (citations omitted).

Walker alleges that Barnett and HPA represented to Walker that they would set up a separate entity, 20%Plus to raise $1,000,000 "collateralized by HPA shares held by **BE Holdings**." *See*, Complaint at ¶ 25. Walker alleges that 20%Plus did in fact raise funds but alleges that HPA wrongfully paid BE Holdings instead of Walker. *Id.* at ¶¶ 26 & 38.

Walker fails to allege an enforceable contract for at least the following reasons. First, Walker alleges that ***BE Holdings*** (not Mr. Barnett) collateralized its shares in HPA for the alleged $1,000,000 raise. Yet, Walker fails to allege that BE Holdings received any consideration for its alleged agreement to collateralize $1,000,000 of its shares for the purpose

DEFENDANT HEALTH PROFESSIONALS ALLIANCE'S MOTION FOR JUDGMENT ON THE PLEADINGS
NO.: 2:23-CV-00163

PAGE 5

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

of paying Walker on an obligation allegedly owed by Mr. Barnett, and not BE Holdings. The law is clear – consideration is required to form a legally enforceable contract. *See*, *King*, 125 Wash. 2d at 505. Here, there is no allegation whatsoever that BE Holdings' alleged agreement was supported by any consideration.

Additionally, and critically important to this Motion, there are no allegations whatsoever that HPA received any consideration for its alleged agreement to pay Walker 40% of the funds 20%Plus allegedly raised. Accordingly, Walker fails to allege any legally cognizable agreement between himself and HPA. *See*, *King*, 125 Wash. 2d at 505.

### C. Walker does not, and cannot, allege a claim for tortious interference.

"A claim for tortious interference with a contractual relationship or business expectancy requires five elements: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage. The purposeful interference denotes purposefully improper interference. Intentional interference requires an improper objective or the use of wrongful means that in fact cause injury to the person's contractual relationship. Exercising in good faith one's legal interests is not improper interference." *Leingang v. Pierce Cnty. Med. Bureau, Inc*., 131 Wash. 2d 133, 157, 930 P.2d 288, 300 (1997) (citations omitted).

#### 1. HPA did not engage in any conduct related to the First Note by wrongful means or for a wrongful purpose.

Walker alleges that Barnet and HPA "represented to Walker that they would set up an entity (which they referred to as 20%Plus) to raise $1,000,000 **collateralized by HPA shares held by BE Holdings.**" *See* Dkt. No. 1-1 at ¶ 25 (emphasis added). Walker further alleges that 20%Plus did in fact raise funds and that "HPA aided Barnett in his efforts to avoid paying Walker. Rather than pay Walker the 40% of the proceeds raised through 20%Plus' sales

DEFENDANT HEALTH PROFESSIONALS ALLIANCE'S MOTION
FOR JUDGMENT ON THE PLEADINGS
NO.: 2:23-CV-00163

PAGE 6

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

efforts, as promised, \*\*\* HPA paid **BE Holding**s (and notably not Barnett directly, which could then be attached by Walker if Barnett would not pay it to Walker as promised by Barnett and HPA)." *Id.* at ¶ 26 (emphasis added).

Even if Walker's allegations were true (they are not) he concedes that any funds raised by 20%Plus were the result of HPA shares held by **BE Holdings.** He then alleges that HPA wrongfully paid **BE Holdings** funds raised through its collateralized shares of HPA. Even if true (it is not) the alleged conduct of HPA – paying BE Holdings in connection with shares BE Holdings (and not Barnett) owned could not be wrongful. *See*, *Leingang v. Pierce Cnty. Med. Bureau, Inc*., 131 Wash. 2d 133, 157, 930 P.2d 288, 300 (1997) (citations omitted) ("Exercising in good faith one's legal interests is not improper interference."); *Nw. Ironworkers Health & Sec. Fund v. Rodbusters, Inc*., No. CV-04-383-RHW, 2006 WL 2819361, at \*5 (E.D. Wash. Sept. 28, 2006) ("Plaintiffs sent a letter informing local contractors that liens formerly placed on jobs were withdrawn or removed. These letters therefore had a lawful purpose."); *Hunt Skansie Land, LLC v. The City of Gig Harbor, No*. C10-5027 RBL, 2010 WL 5394991, at \*7 (W.D. Wash. Dec. 23, 2010) ("The 'improper' action alleged by plaintiffs in this case is the exercise of a lawful right of a party to any dispute to appeal an adverse ruling; due process rights guaranteed by the Constitution."); *Sines v. Maddox*, 122 Wash. App. 1023 (2004) ("Because Mr. Maddox had the apparent legal right to exercise the right of first refusal, there is no proof in this record that an improper purpose or improper means were used to interfere with Mr. Sines' attempted sale of stock."); *Birkenwald Distrib. Co. v. Heublein, Inc*., 55 Wash. App. 1, 12, 776 P.2d 721, 727 (1989) ("Here, Birkenwald failed to raise an inference of improper purpose or wrongful means. The means were not wrongful because Heublein had a contractual right to select a distributor of its choice to replace Birkenwald. The purpose was not improper because there is no evidence that Heublein asserted its right for any reason other than to select a replacement distributor of its choice. Because Birkenwald lost nothing to which it was entitled, and because it failed to raise an inference of improper purpose, dismissal was

DEFENDANT HEALTH PROFESSIONALS ALLIANCE'S MOTION FOR JUDGMENT ON THE PLEADINGS
NO.: 2:23-CV-00163

PAGE 7

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

proper.").

### D. Walker does not, and cannot, state a claim for conversion against HPA.

"Conversion is 'the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it.' 'Money may become the subject of conversion, but only if the party charged with conversion wrongfully received the money, or if that party had an obligation to return the money to the party claiming it.'" *Brown ex rel. Richards v. Brown*, 157 Wash. App. 803, 817–18, 239 P.3d 602, 609–10 (2010).

Here, as set forth above, Walker had *no legal right* to any shares in HPA owned by BE Holdings, or, for that matter, Mr. Barnett. First, as set forth on the face of the First Note, Mr. Walker obtained no security interest in any shares in HPA. Second, as explained more fully above, even if HPA made gratuitous offers to assist Mr. Walker, he cannot establish that there was an enforceable contract between HPA and Walker that would require HPA to pay Walker the proceeds from the sales of any HPA stock that HPA, Barnett, and/or Walker did not own.

Because Walker cannot establish a legal right to any shares in HPA owned by BE Holdings, or the proceeds from their sale, Walker's claim against HPA for conversion is completely devoid of merit.

### V. CONCLUSION

HPA's Motion for Judgment on the Pleadings should be granted because there is no issue of material fact in dispute, and Plaintiff's claims are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

As a preliminary matter, HPA cannot, as a matter of law, be found liable to pay unlawful and usurious interest on a contract to which it is not a party. Walker's tortious interference claim must fail because the alleged conduct of HPA even if true (it is not) of paying BE Holdings in connection with shares BE Holdings owned (and in which Barnett,

DEFENDANT HEALTH PROFESSIONALS ALLIANCE'S MOTION FOR JUDGMENT ON THE PLEADINGS
NO.: 2:23-CV-00163

PAGE 8

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

HPA, or Walker had no legal right, title, or interest) cannot be wrongful as a matter of law. Finally, Walker cannot establish a legal right to any shares in HPA (or the proceeds from their collateralization) owned by BE Holdings and therefore his claim for conversion fails as a matter of law.

DATED:  December 5, 2023

BULLIVANT HOUSER BAILEY PC

By  */s/ Laura Caldera Loera*
Laura Caldera Loera, WSBA #59502
E-mail:   laura.loera@bullivant.com

I certify that this memorandum contains 2,532 words, in compliance with the Local Civil Rules.

Attorney for Defendant Health Professionals Alliance Inc.

4889-9960-3092.1

DEFENDANT HEALTH PROFESSIONALS ALLIANCE'S MOTION FOR JUDGMENT ON THE PLEADINGS
NO.: 2:23-CV-00163

PAGE 9

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

# CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2023, I caused to be served the foregoing DEFENDANT HEALTH PROFESSIONALS ALLIANCE'S MOTION FOR JUDGMENT ON THE PLEADINGS on the following parties at the following addresses:

| Party | Method |
|---|---|
| H. Troy Romero<br>Romero Park PS<br>1019 W James St., Ste. 102<br>Kent, WA 98032<br>Email: tromero@romeropark.com<br><br>Attorney for Plaintiff | ☐ U.S. Postal Service, ordinary first class mail<br>☐ U.S. Postal Service, certified or registered mail, return receipt requested<br>☒ E-Filing CM/ECF<br>☐ E-Service<br>☐ Hand Delivery<br>☐ Other (specify) _____ |
| Chad Colton<br>Alexandra L. Rhee<br>Markowitz Herbold PC<br>1455 SW Broadway, Ste. 1900<br>Portland, OR 97201<br>Email: chadcolton@markowitzherbold.com<br>alexrhee@markowitzherbold.com<br>Attorneys for Defendants Daniel Barnett, Sherri Miller Barnett, BE Holdings, LLC, BE Capital Partners LLC, and Aviara Capital Partners LLC | ☐ U.S. Postal Service, ordinary first class mail<br>☐ U.S. Postal Service, certified or registered mail, return receipt requested<br>☒ E-Filing CM/ECF<br>☐ E-Service<br>☐ Hand Delivery<br>☐ Other (specify) _____ |

*/s/ Laura Caldera Loera*
Laura Caldera Loera, WSBA #59502

4889-9960-3092.1

CERTIFICATE OF SERVICE
NO.: 2:23-CV-00163

PAGE 1

**Bullivant|Houser|Bailey PC**
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351